# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COMANCHE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-887-HE |
| | ) | |
| RYAN ZINKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has moved for a stay of proceedings in this case pending the Tenth Circuit's decision on plaintiff's appeal from the denial of a preliminary injunction. The federal defendants oppose the motion, arguing that waiting on the appellate disposition would unnecessarily delay the resolution of the case. In particular, they seek to move forward with consideration of their motion to dismiss, which they argue involves a challenge to the subject matter jurisdiction of the court.

As the parties acknowledge, an appeal from denial of a preliminary injunction does not automatically suspend the district court's authority to go forward. Free Speech v. Fed. Election Comm'n, 720 F.3d 788, 792 (10th Cir. 2013). However, the court has the discretion to stay further proceedings pending appeal if it is warranted in the circumstances of the particular case.

Here, the court concludes a stay is warranted. The court's denial of the preliminary injunction motion was based largely on various legal conclusions as to plaintiff's claims and arguments and the impact of those conclusions on plaintiff's likelihood of success. There is considerable potential overlap between the issues before the Court of Appeals and

those involved in a merits resolution here. There is therefore a significant potential that the Circuit's disposition of the appeal may resolve, or at least shape the resolution of, issues involved in the merits determination here.

Further, the court is disinclined to proceed immediately with determination of the motion to dismiss. Preliminary review of that motion suggests it is directed, in substantial part, to the question of whether plaintiff has stated a claim or can prevail on its claims rather than to the court's subject matter jurisdiction. The two questions are not the same. The fact that plaintiff may be unable to ultimately prevail on a particular claim does not mean that the court lacks subject matter jurisdiction to consider it. Similarly, defendants' arguments as to standing either do not relate to standing in any strict sense or, to the extent that they do, not all claims are affected.

In the particular circumstances of this case, the court concludes it is appropriate to await the decision of the Court of Appeals before going forward with a merits determination here.

Plaintiff's motion to stay [Doc. # 45] is **GRANTED**. Further proceedings in the case are **STAYED** until the appeal is decided. Plaintiff's response to the motion to dismiss will be due 21 days after issuance of the Circuit's decision.

**IT IS SO ORDERED.**

Dated this 26th day of January 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE