# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COMANCHE NATION OF OKLAHOMA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-17-0887-HE |
| DAVID BERNHARDT, Secretary U.S. Department of Interior, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff is seeking declaratory and injunctive relief relating to the acquisition of certain lands in trust for the benefit of the Chickasaw Nation of Oklahoma. Specifically, plaintiff's First Amended Complaint challenges the acquisition, for gaming purposes, of property at Terral, Oklahoma and Marlow, Oklahoma. Plaintiff alleges violations of the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), and the National Historic Preservation Act ("NHPA"). Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting this court lacks jurisdiction over certain claims and that the complaint fails to state a claim upon which relief can be granted.

## Analysis

Defendants contend plaintiff's claims regarding the Marlow site should be dismissed because the court lacks jurisdiction over them and, even if jurisdiction exists, no claim is stated. Defendants contend the complaint fails to state an APA claim as to either

site. Finally, defendants contend the NEPA and NHPA claims are moot because the construction of the casino in Terral has already been completed.

I.      Claims regarding Marlow site

In order for this court to have jurisdiction under the APA, the plaintiff must challenge a "final agency action." *See* <u>Chem. Weapons Working Grp., Inc. v. United States Dep't of the Army</u>, 111 F.3d 1485, 1494 (10th Cir. 1997); <u>Colo. Farm Bureau Fed'n v. United States Forest Serv.</u>, 220 F.3d 1171, 1173 (10th Cir. 2000). "Plaintiffs have the burden of identifying specific federal conduct and explaining how it is 'final agency action' within the meaning of [5 U.S.C. § 551(13)]." <u>Colo. Farm Bureau</u>, 220 F.3d at 1173. While the first amended complaint references the January 2017 trust acquisition in Terral, it includes no specific acquisition or agency action as to the Marlow site. Indeed, the complaint says virtually nothing at all about the Marlow site except for passing references to the fact that gaming activities occur there. The failure to identify any particular agency action as to which plaintiff seeks relief appears to prevent the court from having jurisdiction over an APA claim directed at Marlow. However, even if jurisdiction is assumed to exist, the complaint states no basis for a claim as to the Marlow facility. Conducting gaming at that facility, without more, isn't enough. In short, whether viewed as a matter going to jurisdiction or simply as a matter of stating a substantive claim, the claims directed to the Marlow site must be dismissed.

II.   APA claim regarding Terral site

Defendants contend that plaintiff's APA claim in relation to the Terral site should be dismissed for failure to state a claim because no statute or regulation has been violated. In the complaint, plaintiff alleges:

> The trust acquisition for gaming purposes for the benefit of the Chickasaw Nation at Terral, Oklahoma took place without a showing of Chickasaw jurisdiction of the lands prior to acquisition, thereby rendering the acquisition violative of the Indian Reorganization Act ("IRA") and Indian Gaming Regulatory Act, and arbitrary, capricious and an abuse of discretion pursuant to the Administrative Procedure Act.

[Doc. #78-2] at ¶ 94.  In prior proceedings in this case, the Tenth Circuit has determined that under the IRA and the IGRA, no such jurisdictional requirement exists.  *See* Comanche Nation of Okla. v. Zinke, 754 F. App'x 768, 771-74 (10th Cir. 2018).

Although its argument is not entirely clear, plaintiff also appears to suggest that the acceptance of the Terral site into trust, based on its status as land formerly within the scope of the Chickasaw reservation, was illegal because there never was a Chickasaw "reservation" in the first place.  It relies on questions from some members of the Supreme Court, during oral argument in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020), suggesting that lands like those involved here might technically be "dependent Indian communities" rather than "reservations."  However, McGirt has now been decided, and it does not support plaintiff's speculation.  The Court's decision in McGirt — that the Creek reservation had not been disestablished — was no doubt a surprise to Felix Cohen and virtually everyone else, but the surprise did not extend to deciding that the lands in question were anything other than "reservations."  *See* McGirt at 2474-5.  In short, there is nothing in McGirt to

3

undercut the previous analysis of this court and of the Court of Appeals to the effect that, because the Terral site either was, or maybe still is,[1] part of the Chickasaw reservation, the decision to take it into trust was a permissible one under the pertinent authorities.

Accordingly, plaintiff has failed to state an APA claim in relation to the Terral site, and that claim will be dismissed.

III. NEPA and NHPA claims

Finally, defendants assert that plaintiff's NEPA and NHPA claims should be dismissed as moot because the casino building has been built and is operating. NEPA and NHPA claims typically "'no longer present [ ] a live controversy when the proposed action has been completed and when no effective relief is available.'" Caddo Nation of Okla. v. Wichita and Affiliated Tribes, 877 F.3d 1171, 1176-77 (10th Cir. 2017) (quoting Airport Neighbors All., Inc. v. United States, 90 F.3d 426, 428 (10th Cir. 1996)). It is undisputed that the casino building is complete and operating, and plaintiff does not allege otherwise. However, plaintiff asserts that its NEPA and NHPA claims are not moot as to any wastewater sewage lagoons that might be built on the north side of the casino. It appears that the EA contemplated that the sewage lagoons would be built on the north side of the casino, but that they were actually built on the south side. Defendants contend plaintiff's argument relies on mere speculation and does not demonstrate that there is agency action left to occur, even if the Chickasaw Nation expands its casino.

---

[1] *The court does not assume that* McGirt's *reasoning and result, which was directed to the Creek Tribe, necessarily extends to the Chickasaw Tribe. But even if it does, it does not support the argument plaintiff advances here.*

The completion of the casino renders the majority of plaintiff's NEPA and NHPA claims moot.  And it is not apparent how or whether the placement of the sewage lagoons on one side of the casino versus the other constitutes a meaningful distinction for present purposes.  However, as this case is still in the pleading stage, the court concludes it would be premature to now dismiss the NEPA and NHPA claims in their entirety.  It may be that some un-mooted basis for a claim remains based on the placement of the lagoons.

## Conclusion

For the foregoing reasons, defendants' Motion to Dismiss [Doc. #79] is **GRANTED IN PART and DENIED IN PART**.  The motion is denied to the extent that any NEPA or NHPA claim remains based on the sewage lagoons.  The motion is otherwise granted and all other claims are hereby **DISMISSED**.  Plaintiff is directed to advise the court, by an appropriate filing within 21 days, whether it intends to pursue claims based on the placement of the sewage lagoons.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE